IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOWE, BELL + HOWELL COMPANY, )
)
    **Plaintiff,** )
) Civil Action No. 05C-571
    v. )
)
MIDSOUTH TECHNOLOGIES, LLC, ) Wayne R. Andersen
) District Judge
    **Defendant.** )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant MidSouth Technologies, LLC's ("MidSouth") motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Rule 12(b)(3) or, in the alternative, to transfer this case to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion to dismiss is denied but the motion to transfer is granted and this case is transferred to the United States District Court for the Northern District of Oklahoma.

### BACKGROUND

MidSouth and Bowe, Bell + Howell Company ("Bowe, Bell + Howell") sell mail sorting and processing equipment and the software necessary to run that equipment. Within the past year, MidSouth has offered for sale certain computer software to be used in mail processing equipment. Bowe, Bell + Howell claims that this software infringes U.S. Patent Nos. 5,912,979 and 6,078,678, which it owns. In September, 2004, Bowe, Bell + Howell began contacting MidSouth regarding a potential enforcement action involving these patent rights.

On October 21, 2004, MidSouth filed an action in the United States District Court for the Northern District of Oklahoma under the Declaratory Judgment Act seeking resolution of Bowe, Bell + Howell's patent infringement claims against MidSouth.

Subsequently, Bowe, Bell + Howell filed a patent infringement action against MidSouth in this Court on January 31, 2005, alleging infringement of the very same patents that are the subject of the pending action in Oklahoma. The issues and the parties in the two cases are identical. On February 25, 2005, MidSouth filed a motion to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Rule 12(b)(3) or, in the alternative, to transfer this case to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

This action was filed over three months after MidSouth filed its declaratory judgment action in the Northern District of Oklahoma. The Oklahoma lawsuit will resolve all the issues in controversy between these two parties. The "first-filed doctrine" has evolved to address this situation and has been applied vigorously in patent actions. The doctrine dictates that this patent infringement action be dismissed in favor of the previously filed action in Oklahoma, or at least transferred to that district where MidSouth's declaratory judgment action is currently pending.

The leading case on the application of the first-filed doctrine in patent lawsuits is *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993). In that case, the district court in Indiana had dismissed the first-filed declaratory judgment action in favor of a patent infringement action filed one day later in California. The Federal Circuit reversed, holding as follows:

> We prefer to apply in patent cases the general rule whereby the forum of the first-filed doctrine is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.... The general rule favors the forum of the first-filed action, whether or not it is a declaratory action.

*Id.*, at 937. That Court went on to hold, essentially, that it is irrelevant that the first-filed action is a declaratory action alleging non-infringement, instead of a direct infringement action by the patentee.

> The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action.

*Id.*, at 938. Perhaps most importantly, the court in *Genentech* expressly rejected the principle previously applied in some cases, arising from *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987), that a declaratory judgment action should be dismissed if it was filed as "forum shopping" and a direct infringement action was later filed. In *Genentech*, the Federal Circuit said that doctrine improperly shifts to patentees the preferred choice of forum: "This shift of relationship between litigants is contrary to the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." 998 F.2d at 937.

After *Genentech*, the courts have routinely dismissed subsequently filed actions by patentees in favor of first-filed declaratory actions. Indeed, this Court has applied the doctrine both before and after *Genentech*. *See e.g., Roadmaster Corp. v. NordicTrack, Inc.* 1993 WL 625537 (N.D. Ill. 1993); *Joslyn Manufacturing Co. v. Amerace Corp.*, 729 F.Supp. 1219 (N.D. Ill. 1990).

3

Of course, *Genentech* and later cases have recognized exceptions to the first-filed rule when it would be "unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938. An exception is made for the sake of avoiding injustice or inefficiency when the "convenience and availability of witnesses" dictates keeping the case in the second-filed forum. Bowe, Bell + Howell argues that this Court is a more convenient forum due to the availability of officers and employees who may be witnesses here. However, MidSouth contends that the Oklahoma forum is more convenient for its own employees and officers. At best, this factor is equal between the two forums. Many courts have found that when there is such equivalency, convenience becomes a non-factor and is, therefore, insufficient to overcome the strong presumption in favor of the forum of the first-filed action. *See e.g., Chiron Corp. v. Advanced Chemtech, Inc.*, 869 F. Supp. 800, 802 (N.D. Cal. 1994) ("it will be inconvenient for certain witnesses no matter where the action proceeds"); *Brower v. Flint Ink Corp.*, 865 F. Supp. 564, 568 (N.D. Iowa 1994) ("Allowing this second-filed action to continue would merely shift the burden of litigating in a 'foreign' forum from Brower to Flint, just as a transfer of this Iowa action to Michigan would merely shift the burden of litigating in a 'foreign' forum from Flint to Brower; therefore, the court concludes that the 'balance of convenience' is flat").

These principles dictate dismissing this action in favor of the action filed eight months ago in Oklahoma. However, a less drastic alternative to dismissal would be transferring this action to the Oklahoma Court for consolidation with the action filed there by MidSouth. Section 1404(a), which addresses whether a transfer to another venue is appropriate, requires the district court to weigh three factors in making this assessment: (1) the convenience of the parties; (2) the

convenience of the witnesses; and (3) the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

In this case, the first two prongs of convenience are evenly balanced on both sides. MidSouth filed the first action in Oklahoma because that forum was most convenient to it and to its relevant witnesses. Furthermore, MidSouth notes that its choice of forum is consistent with the general principle that patent cases should be adjudicated in the closest possible forum to the area of the infringing device and the hub of activity centered around its production, such as the product's development, testing, research, marketing and sales. Therefore, MidSouth contends that these considerations support the Northern District of Oklahoma as the proper forum. However, Bowe, Bell + Howell is incorporated in Illinois and all of its material witnesses, including the inventor of the allegedly infringed patents, the research and development team for the patented technology, and the lawyers who drafted the patents, are in the Chicago metropolitan area. Therefore, the convenience factors do not provide a clear answer as to the most appropriate forum for the adjudication of these issues.

However, the interests of justice mandate that the first-filed doctrine should be applied to this case. The defendants here filed a legitimate declaratory action in the Northern District of Oklahoma prior to the filing of this patent infringement action by Bowe, Bell + Howell. That first-filed action involves the same exact parties and seeks to resolve identical issues as those presented before this Court. For the sake of judicial economy, this Court chooses to transfer Bowe, Bell + Howell's patent infringement action to the Northern District of Oklahoma where MidSouth's declaratory judgment action is currently pending.

## CONCLUSION

For all of the foregoing reasons, MidSouth's motion to dismiss, or in the alternative to transfer, is granted in part and denied in part. The motion to transfer is granted, and this case is transferred to the Northern District of Oklahoma. The motion is denied in all other respects.

Wayne R. Andersen
United States District Judge

Dated: June 30, 2005